

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00278-CV

**PEACOCK HOSPITALITY, INC.** d/b/a Holiday Inn Express-Burnet,
Appellant

v.

Bipin **PATEL**, Mahadev, LLC, and
Federal Deposit Insurance Corporation as receiver for First National Bank, N.A.,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-04054
Honorable Janet P. Littlejohn, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice[1]

Delivered and Filed:  December 23, 2014

DISMISSED IN PART FOR LACK OF JURISDICTION

        This appeal arises from two summary judgments.  One summary judgment was granted in

favor of Bipin Patel and Mahadev, LLC.  The other summary judgment was granted in favor of

First National Bank, N.A.  Peacock Hospitality, Inc. d/b/a Holiday Inn Express-Burnet timely

appealed both summary judgments in this appeal.

---

[1] Not participating.

On September 9, 2013, Peacock filed its brief, making the appellees' briefs due by October 9, 2013. On September 18, 2013, appellee First National Bank, N.A. filed a motion for extension of time to file its brief which was granted, extending the deadline for filing the brief to November 8, 2013. Appellees Patel and Mahadev filed their brief on October 8, 2013.

On October 21, 2013, a motion was filed notifying this court that the Federal Deposit Insurance Corporation had been appointed as receiver for appellee First National Bank, N.A., and this court granted the request in the motion to substitute the FDIC in its capacity as receiver as appellee. On October 31, 2013, the FDIC filed a motion for automatic stay pursuant to 12 U.S.C. § 1821(d)(12)(A), which imposes an automatic stay of judicial proceedings when the FDIC is appointed as a receiver. *See* 12 U.S.C. § 1821(d)(12)(A). By order dated November 1, 2013, this court granted the FDIC's motion and stayed all proceedings in the appeal "pending further order of this court."

On April 22, 2014, the FDIC filed a motion to dismiss asserting that Peacock had failed to take any action to continue its appeal against the FDIC within sixty days of its receipt of notice that the FDIC had disallowed its claim relating to this matter. *See* 12 U.S.C. § 1821(d)(6)(A)(ii). Where a claimant fails to take any action to continue its appeal within the sixty day deadline, the statute states the "disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." *Id*. at § 1821(d)(6)(B)(ii). Moreover, when the disallowance of a claim becomes final, no court has jurisdiction over the claim. *Id*. at § 1821(d)(13)(D); *Hanson v. F.D.I.C.*, 113 F.3d 866, 869-70 (8th Cir. 1997).

On May 1, 2014, Peacock filed a response to the motion, stating that it was not required to take any action because this court's stay only stayed the appeal for ninety days. Peacock contends that the appeal automatically continued on this court's docket at the conclusion of the ninety days without any action on its part. *See Dougherty v. Deutsche Bank Nat. Co.*, No. 11-CV-0093, 2011

WL 3565079, at 6 (E.D. Penn. Aug. 12, 2011) (discussing cases distinguishing actions necessary to continue a case when the stay is of definite duration as opposed to indefinite duration). We disagree because this court's prior order clearly stated that the appeal was stayed "pending further order of this court." Because this court's stay order was of indefinite duration, Peacock was required to file a motion to reinstate or take some other action to continue the proceedings in the appeal.

Because Peacock failed to take any action to continue this appeal within sixty days of its receipt of the FDIC's notice that its claim was disallowed, the appeal against the FDIC is dismissed. The remainder of the appeal is reinstated on the docket of this court, and the clerk of this court is directed to set Peacock's appeal against appellees Patel and Mahadev for submission.

PER CURIAM